UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN MARIE WARREN and
LONNY WARREN,

    Plaintiffs,

v.                                                  Case No: 8:19-cv-2657-T-60JSS

C. R. BARD, INC.,

    Defendant.
_____

**ORDER DENYING "PLAINTIFF WARRENS' MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF JAMES M. ANDERSON, MD, PhD"**

This matter is before the Court on "Plaintiff Warrens' Motion to Exclude the Opinions and Testimony of James M. Anderson, MD, PhD" and their memorandum in support, filed on May 13, 2019. (Docs. 43; 44). On May 28, 2019, Defendant C.R. Bard, Inc. filed its response in opposition to the motion. (Doc. 47). On June 3, 2019, Plaintiffs filed a reply. (Doc. 51). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

**Background**

This case is one of thousands of similar cases filed since approximately October 2010.[1] Plaintiffs Robin Marie Warren and Lonny Warren directly filed this

---

[1] In the seven MDLs, over 100,000 cases have been filed, approximately 15,000 of which are in the Bard MDL.  *See* MDL 2187 (C.R. Bard) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2187; MDL 2325 (American Medical Systems) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2325; MDL 2326 (Boston Scientific) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2326; MDL 2327 (Johnson & Johnson, Ethicon) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2327; MDL 2387 (Coloplast) Member List of Cases,

product liability case in the Southern District of West Virginia as part of the multidistrict litigation ("MDL") entitled *In re: C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187.  The case was not resolved by the MDL transferee court ("MDL Court"), and it was transferred at the conclusion of the coordinated pretrial proceedings as part of Wave 8.

On February 21, 2011, Ms. Warren was implanted with the Avaulta Solo Anterior Synthetic Support System ("Avaulta") device at a hospital in Brooksville, Florida.  The Avaulta device was designed and manufactured by Defendant.  On April 28, 2016, Plaintiffs filed suit directly in the MDL using a short-form complaint, alleging the following claims:  Negligence (Count I), Strict Liability – Design Defect (Count II), Strict Liability – Manufacturing Defect (Count III), Strict Liability – Failure to Warn (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty (Count VI), Loss of Consortium (Count VII), and Punitive Damages (Count VIII).

## Analysis

In the motion before this Court, Plaintiffs raise a *Daubert*[2] challenge to the proposed testimony of Dr. James M. Anderson, M.D., Ph.D.  Specifically, Plaintiffs contend that Dr. Anderson's opinions and testimony should be excluded because he was not timely disclosed as an expert witness prior to the court-ordered disclosure

---

https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2387; MDL 2440 (Cook Medical) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2440; and MDL 2511 (Neomedic) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2511.

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

deadline. The facts regarding the late disclosure do not appear to be in dispute. It appears that Defendant attempted to serve its expert disclosures and reports on March 22, 2019, but due to a typographical error in Plaintiff's counsel's e-mail address, these documents were not delivered. After learning of the error a few weeks later, Defendant resent the disclosures and expert reports, and it offered to allow Plaintiffs additional time to prepare any rebuttal reports and complete expert depositions.

The Federal Rules of Civil Procedure authorize a court to sanction a party for failing to abide by a scheduling order by prohibiting that party from introducing specific evidence. *See* Fed. R. Civ. P. 16(f); 37(b)(2)(A)(ii). When determining whether such a sanction is appropriate for failing to comply with Rule 26, courts will typically use a three-part test to determine whether noncompliance is substantially justified or harmless: (1) "the explanation for the failure to disclose the witness;" (2) "the importance of the testimony;" and (3) "the prejudice to the opposing party [if the witness had been allowed to testify.]."[3] *See Watkins v. Pinnock*, 802 F. App'x 450, 456 (11th Cir. 2020); *Romero v. Drummond Co.,* 552 F.3d 1303, 1321 (11th Cir. 2008); *see also* Fed. R. Civ. P. 37(c)(1).

---

[3] The Court notes that the Fourth Circuit Court of Appeals utilizes a five-factor test, which includes "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." *See, e.g., Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011).

Considering each of these factors, the Court finds that Defendant's failure to comply with Fed. R. Civ. P. 26(a) was both substantially justified and harmless.[4] Accordingly, Plaintiffs are not entitled to relief.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

"Plaintiff Warrens' Motion to Exclude the Opinions and Testimony of James M. Anderson, MD, PhD" (Doc. 43) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that after this case was transferred to the Middle District of Florida, the Court set a new discovery deadline of August 28, 2020, which has now been extended to October 28, 2020. *See* (Docs. 76; 79).